UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

       **MEMORANDUM OPINION
AND ORDER**
Criminal No. 11-178 ADM/LIB
Civil No. 12-2968 ADM

Aaron Dante Moreno,

        Defendant.

_____

Kevin S. Ueland, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Aaron Dante Moreno, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Aaron Dante Moreno's ("Moreno") 28 U.S.C. § 2255 Motion [Docket No. 47]. For the reasons below, Moreno's motion is denied.

## II. BACKGROUND

On August 9, 2011, Moreno pled guilty to Count 1 of the indictment, which charged him with felon-in-possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). See Min. Entry [Docket No. 31]. In the plea agreement, Moreno admitted to knowingly possessing a Bryco Arms, .380 caliber pistol on or about October 4, 2010. Id. at 1. Moreno also admitted to four felony convictions in the past ten years. Id. at 2.

The parties agreed that Moreno's advisory sentence guidelines was 188-235 months and that the applicable statutory mandatory minimum sentence was 180 months in prison. Id. As part of his plea, Moreno waived his right to appeal his sentence under 18 U.S.C. § 3742 and his

right to petition for habeas relief under 28 U.S.C. § 2255 if he was sentenced to 235 months or less.[1]  Id. at 6.

Moreno was sentenced on November 22, 2011, to the mandatory minimum of 180 months of imprisonment.  See Min. Entry [Docket No. 42].  The Court entered final judgment on November 23, 2011.  See Judgment [Docket No. 43].

On November 26, 2012, Moreno filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  See 2255 Mot.  First, Moreno argues that 18 U.S.C. § 922(g) is unconstitutional in light of Nat'l Fed'n of Indep. Bus. v. Sebelius, 132 S. Ct. 2566 (2012).  See Pro Se Mem. in Supp. [Docket No. 48] 4. Moreno's second alleged ground for relief is ineffective assistance of counsel.  See Id.

### III.  DISCUSSION

28 U.S.C. § 2255 provides a prisoner in federal custody a limited opportunity to collaterally attack the constitutionality or legality of his sentence, as well as to argue that "the court was without jurisdiction to impose such a sentence."  Relief under Section 2255 is reserved for when "the kind of violation alleged demonstrates either 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'"  Poor Thunder v. United States, 810 F.2d 817, 822 (8th Cir. 1987) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

---

[1] The government does not argue waiver and the Court proceeds to the merits of Defendant's motion.  See Mem. in Opp'n to § 2255 Mot. [Docket No. 52].

## A. Constitutionality of 18 U.S.C. § 922(g)

Moreno contends the federal statute prohibiting felons from possessing firearms is unconstitutional in light of the Supreme Court's recent decision in Sebelius, 132 S. Ct. at 2566. Sebelius involved a constitutional challenge to provisions of the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010), particularly the "individual mandate." Sebelius, 132 S. Ct. at 2587. The Supreme Court upheld the mandate as a valid exercise of Congress's taxing power, but concluded that "[s]uch a law cannot be sustained under a clause authorizing Congress to 'regulate Commerce.'" Id. at 2591. The Supreme Court concluded that the individual mandate "does not regulate existing commercial activity[,] instead [it] compels individuals to *become* active in commerce by purchasing a product, on the ground that their failure to do so affects interstate commerce." Id. at 2573. Moreno argues, possessing a firearm in Minnesota does not constitute existing commercial activity in the same way that failure to hold minimum essential health care coverage does not constitute existing commercial activity under Sebelius. Moreno argues that since 18 U.S.C. § 922(g)(1) regulates a class of individuals— felons—and not a class of activities, Section 922(g) is unconstitutional.

But, as the First Circuit Court of Appeals recently explained in United States v. Roszkowski, 700 F.3d 50 (1st Cir. 2012), the relevant distinction Chief Justice Roberts made in Sebelius was between compelling individuals to become active in commerce versus regulating "affirmative conduct that has an undeniable connection to interstate commerce." Roszkowski, 700 F.3d at 58. Section 922(g)(1) prohibits felons from possessing firearms "in or affecting commerce," including firearms that previously traveled in interstate commerce. The felon-in-possession "provisions at issue reside in the heartland of Congress's authority under the

3

Commerce Clause: 'regulat[ing] the channels and instrumentalities of interstate commerce, as well as activities that substantially affect interstate commerce.'" Id. (quoting United States v. Teleguz, 492 F.3d 80, 87 (1st Cir. 2007)).

The Eighth Circuit Court of Appeals has consistently agreed with the reasoning of Roszkowski that felon-in-possession laws are constitutional under the Commerce Clause. United States v. Leathers, 354 F.3d 955, 959 (8th Cir. 2004) (discussing long-standing precedent). Sebelius has not changed the constitutional validity of 18 U.S.C. § 922. The Court declines Moreno's invitation to rewrite felon-in-possession jurisprudence.

**B. Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, Moreno must show that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Courts apply a strong presumption that counsel has provided adequate assistance and used reasonable professional judgment. Id. Moreno claims his counsel was ineffective by failing to move for dismissal of the indictment on the basis of selective prosecution and failing to sufficiently present evidence related to his diminished capacity.

In his first claim, Moreno argues he was entitled to dismissal of his federal charges "on the grounds that the public policy of Minnesota, enacted in its capacity as sovereign, has been displaced by that of the national government." Pro Se Mem. in Supp. 9. Moreno cites United States v. Bond, 131 S. Ct. 2355 (2011), arguing that his counsel should have known Moreno had standing to challenge the constitutionality of Section 922(g). Moreno is correct that under Bond,

4

he has standing to challenge the constitutionality of Section 922(g), but having standing and deciding to challenge the constitutionality of a law are separate considerations. As discussed above, Section 922(g) is constitutional. Moreno has not offered proof that his counsel's decision not to raise the issue fell below the objective standard of reasonableness. And, no proof can be offered that the result of the proceedings would have been different if Moreno's counsel had raised the constitutionality argument. See United States v. Lewis, 236 F.3d 948, 950 (8th Cir. 2001) (citing United States v. Myers, Case No. 98-2560, 1999 WL 475571 at *1(8th Cir. 1999) (Tenth Amendment challenge to a statute "necessarily" fails where the statute was a valid exercise of Congress's commerce power)).

In his second claim, Moreno's argues his attorney failed to investigate and present to the Assistant United States Attorney mitigating evidence of Moreno's "diminished capacity." Moreno believes his attorney could have used this evidence to convince the prosecutor to dismiss Moreno's federal charges and allow state prosecutors to charge Moreno under Minnesota's less stringent firearms laws.

Although trial counsel has a duty to conduct a reasonable investigation of mental health under Strickland, 466 U.S. at 691, a strong presumption exists that a "counsel's decision to forgo additional psychological testing was reasonable," Link v. Luebbers, 469 F.3d 1197, 1203 (8th Cir. 2006). Moreover, decisions about conveying investigation results fall in the realm of trial strategy and are "virtually immune to second-guessing by habeas courts." Marcrum v. Luebbers, 509 F.3d 489, 505 (8th Cir. 2007).

Moreno's attorney considered investigating Moreno's "diminished capacity" claim and ultimately told Moreno that the Assistant U.S. Attorney "wouldn't go for it." Pro Se Mem. in

5

Supp. 10. Thus, Moreno's counsel contemplated further psychological testing. Moreno presents no argument that his attorney's decision falls below the objective standard of reasonableness. Furthermore, Moreno provides no evidence that psychological testing would have changed the Assistant U.S. Attorney's charging decision. A prosecutor's discretion to charge is very broad. United States v. Goodwin, 457 U.S. 368, 382 (1982).

Finally, Moreno alleges his prosecution in federal court was "selective prosecution," and argues his counsel should have objected on that basis. Moreno does not argue that the prosecutor was vindictive in prosecuting Moreno as opposed to other felons in possession of firearms. Moreno simply notes that Minnesota's mandatory minimum sentencing is one third of the mandatory punishment of fifteen years under Section 922(e). Pro Se Mem. in Supp. 8. Moreno provides no evidence that his prosecution was "selective," much less evidence that his attorney fell below an objective reasonableness standard by failing to make this claim. The statutory disparity between felon-in-possession sentences at the federal level versus sentences at the state level is not evidence of prosecutorial misconduct or of defense counsel's ineffectiveness. Given that Section 922(g) is constitutional and that Moreno pleaded guilty to violating felon-in-possession law, Moreno's claims that counsel was ineffective are unavailing.

## IV. CERTIFICATE OF APPEALABILITY

A court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds there are no debatable issues presented and therefore declines to grant Moreno a certificate of appealability.

## V.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Aaron Dante Moreno's 28 U.S.C. § 2255 Motion [Docket No. 47] is **DENIED**.

2. Defendant's Application to Proceed Without Prepayment of Fees and Affidavit [Docket No. 50] is unnecessary for the filing of a § 2255 Motion; therefore it is **DENIED** as moot.

3. A certificate of appealability pursuant to 28 U.S.C. § 2253 shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 31, 2013.