**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

            Plaintiff,

                                        **ORDER**
    v.                                Criminal No. 11-178 ADM/LIB
                                          Civil No. 12-2968 ADM

Aaron Dante Moreno,

            Defendant.

_____

Kevin S. Ueland, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Aaron Dante Moreno, pro se.

_____

## I. BACKGROUND

This matter is before the undersigned United States District Judge for a ruling on

Defendant Aaron Dante Moreno's ("Moreno") Motion for Default Judgment [Docket No. 56].

For the reasons below, Moreno's motion is denied.

On August 9, 2011, Moreno pled guilty to Count 1 of the indictment, which charged him

with felon-in-possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). See Min. Entry

[Docket No. 31]. In the plea agreement, Moreno admitted to knowingly possessing a Bryco

Arms, .380 caliber pistol on or about October 4, 2010. Id. at 1. Moreno also admitted to four

felony convictions in the past ten years. Id. at 2.

Moreno was sentenced on November 22, 2011, to the mandatory minimum of 180

months of imprisonment. See Min. Entry [Docket No. 42]. The Court entered final judgment on

November 23, 2011. See Judgment [Docket No. 43].

On January 31, 2013, Moreno's Motion to Vacate Sentence under 28 U.S.C. § 2255 ("2255 Motion") was denied. United States v. Moreno, 2013 U.S. Dist. LEXIS 12947 (D. Minn.) [Docket No. 53].

## II. ANALYSIS

Moreno now requests a default judgment pursuant to Rules 55 (a), (b)(2), and (d) of the Federal Rules of Civil Procedure, and he also requests an evidentiary hearing. Moreno notes that by Order, dated November 30, 2012, the Court ordered the Government to respond to his 2255 Motion by December 17, 2012 [Docket No. 51]. The Government did respond to Moreno's 2255 Motion, filing the response electronically on CM/ECF on December 13, 2012 [Docket No. 52]. Moreno claims he was not served with a copy of the Response prior to the Court's denial of his motion on January 31, 2013.

Moreno objects to the Government's failure to mail him a copy of its Response to his 2255 Motion. But Moreno's 2255 Motion was denied after full consideration of the merits. Moreno identifies no precedent for granting a default judgment after the 2255 Motion is decided. Rule 55(d) allows default judgment against the United States "only if the claimant establishes a claim or right to relief by evidence that satisfies the court." When the Government files its response electronically but fails to deliver the document to a defendant by mail, the Government may inconvenience a defendant.[1] However, in this case, the failure to deliver had no bearing on Moreno's conviction, and Moreno does not identify any ways in which the Government's failure prejudiced the disposition of his 2255 Motion.

---

[1] The Government claims it did mail Moreno a copy of the Response.

### III.  CERTIFICATE OF APPEALABILITY

A court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds there are no debatable issues presented and therefore declines to grant Moreno a certificate of appealability.

### IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Defendant Aaron Dante Moreno's Motion for Default Judgment [Docket No. 56] is **DENIED**.

2.      A certificate of appealability pursuant to 28 U.S.C. § 2253 shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 26, 2013.