**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

        Plaintiff,

v.

Aaron Dante Moreno,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 11-178 ADM/LIB
Civil No. 16-2020 ADM

_____

Kevin S. Ueland, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Aaron Dante Moreno, pro se.
_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Aaron Dante Moreno's ("Moreno") pro se Motion to Vacate under 28 U.S.C. § 2255 [Criminal Docket No. 84] ("2255 Motion").[1]  For the reasons set forth below, Moreno's Motion is denied.

## II.  BACKGROUND

On August 9, 2011, Moreno pled guilty to Count 1 of the Indictment [Docket No. 1], which charged him with felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). See Min. Entry [Docket No. 31].  The sentence for a conviction under § 922(g)(1) is not more than ten-years' imprisonment.  18 U.S.C. § 924(a)(2).  However, under the Armed Career Criminal Act ("ACCA"), an individual who violated § 924(g) and has three previous convictions for a violent felony, a serious drug offense, or both, is subject to a fifteen-year minimum

_____

[1] All docket citations are to the Criminal Docket.

sentence. § 924(e)(1). The presentence report ("PSR") recited that Moreno had six prior felony convictions that appeared to be predicate offenses for purpose of the ACCA, two each for burglary, assault, and terroristic threats.

At the time Moreno was sentenced, the ACCA defined a violent felony as any crime punishable by imprisonment for a term exceeding one year that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, [or] involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B). These definitions fell into three respective categories: (1) the force clause; (2) the enumerated clause; and (3) the residual clause. According to Moreno's PSR, his prior felony convictions implicate the force, the enumerated, and the residual clause of the ACCA; the PSR did not, however, expressly specify which clause of the ACCA's definition of "violent felony" encompassed the predicate offenses.

At sentencing, the PSR was adopted without change and without further elaboration on Moreno's six ACCA predicate offenses. Based on the PSR's determination that Moreno was an armed career criminal pursuant to § 924(e)(2), the Court sentenced Moreno to the mandatory minimum sentence of 180 months. See Min. Entry [Docket No. 42]. Moreno did not directly appeal his sentence.

On November 26, 2012, Moreno filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. See 2255 Mot. [Docket No. 47]. Moreno argued that 18 U.S.C. § 922(g) was unconstitutional in light of National Federation of Independent Business v. Sebelius, 132 S. Ct. 2566 (2012), and that he received ineffective assistance of counsel. This § 2255

motion did not raise any challenges to his prior felony convictions. On January 31, 2013, that § 2255 motion was denied . See Mem. Op. Order [Docket No. 53].

In 2015, the United States Supreme Court held that the ACCA's residual clause—defining a violent felony as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another"—is unconstitutionally vague. See Johnson v. United States, 135 S. Ct. 2551, 2563 (2015) ("[I]mposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."). In 2016, the Supreme Court held that Johnson announced a new substantive rule of constitutional law that applies retroactively to cases on collateral appeal. Welch v. United States, 136 S. Ct. 1257 (2016).

After Johnson and Welch, Moreno's prior felony convictions falling under the ACCA's residual clause cannot be used as predicate offenses for enhanced sentencing under § 924(e)(1). The Johnson decision, however, did not disturb the legality of the force and enumerated clauses of the ACCA. 135 S. Ct. at 2563. Thus, an enhanced sentence due to at least three prior felony convictions falling within those two clauses is lawful and not impacted by Johnson.

On June 16, 2016, Moreno sought permission from the Eighth Circuit Court of Appeals to file a successive § 2255 Motion. See Mot. Vacate Under § 2255 [Docket No. 81]. Moreno argued that in light of Johnson, he no longer qualifies as an armed career criminal. See id. The Eighth Circuit granted Moreno's request on December 1, 2016. See J. USCA [Docket No. 80]. On December 12, 2016, Moreno filed this § 2255 Motion.

### III.  DISCUSSION

**A.  Section 2255**

28 U.S.C. § 2255 provides a prisoner in federal custody a limited opportunity to collaterally attack the constitutionality or legality of his sentence, as well as to argue that "the court was without jurisdiction to impose such a sentence." Relief under Section 2255 is reserved for correcting "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962).

Under the Antiterrorism and Effective Death Penalty Act of 1986, a federal prisoner must receive certification from the court of appeals to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(h). In determining whether to authorize a successive § 2255, the Eighth Circuit assesses whether the movant makes a "prima facie showing" that the motion "contain[s] . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2255(h)(2), 2244(b)(3)(C). "A prima facie showing is 'a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" Donnell v. United States, 826 F.3d 1014, 1015 (8th Cir. 2016) (quoting Kamil Johnson v. United States, 720 F.3d 720, 720 (8th Cir. 2013) (per curiam)).

In his petition to the Court of Appeals, Moreno argued that he satisfied § 2255(h)(2) because Johnson announced a new rule of constitutional law that was retroactive and was previously unavailable. The Eighth Circuit agreed that Moreno made a prima facie showing that further exploration of his claims was necessary. Thus, the scope of this § 2255 Motion is limited to whether Moreno's sentence must be vacated in light of Johnson. See 28 U.S.C. § 2244(b)(4)

("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.").

## B. Moreno's Prior Convictions

The PSR identified six prior convictions that arguably qualify as predicate offenses for the ACCA: 1) second-degree burglary on January 8, 2001; 2) third-degree assault on January 27, 2003; 3) terroristic threats on October 6, 2005; 4) third-degree burglary on May 25, 2006; 5) third-degree assault on August 31, 2009; and 6) terroristic threats on June 24, 2009. PSR ¶¶ 31, 39, 46, 48, 50, 54. The PSR adjudged Moreno to be an armed career criminal because he had at least three prior predicate felony convictions, specifically referencing his May 25, 2006 third-degree burglary, August 31, 2009 third-degree assault, and June 24, 2009 terroristic threats convictions. PSR ¶ 25.

In this § 2255 Motion, Moreno argues that his conviction for terroristic threats referenced in paragraph 25 of the PSR no longer qualifies as ACCA predicate offense because it does not meet the requirements under the force clause to be considered a violent felony. In his Response to Government's Response [Docket No. 87], Moreno also argues that his prior third-degree burglary and third-degree assault convictions are no longer predicate ACCA offenses under Johnson.[2]

---

[2] Ordinarily, inclusion of a new argument in a reply brief is improper. See Fed. Trade Comm'n v. Neiswonger, 580 F.3d 769, 775 (8th Cir. 2009). The Court, however, retains discretion to consider these new arguments, and will here. See Torgeson v. Unum Life Ins. Co. of Am., 466 F. Supp. 2d 1096, 1122 (N.D. Iowa 2006).

**1. Terroristic Threats**

At the time of Moreno's sentencing in November 2011, Minn. Stat. § 609.713, the terroristic threats statute, was considered a violent felony under the ACCA's force clause. United States v. Flannigan, 367 F. App'x 732, 733 (8th Cir. 2010) (per curiam). This changed after the decision in United States v. McFee, 842 F.3d 572, 577 (8th Cir. 2016), which held on direct appeal that the defendant's conviction under Minn. Stat. § 609.713 no longer qualified as an ACCA predicate offense.

The McFee ruling does not change the result for Moreno. McFee was decided on statutory construction grounds, applying Mathis v. United States, 136 S. Ct. 2243 (2016), and Descamps v. United States, 133 S. Ct. 2276 (2013), two recent Supreme Court cases that provide guidance to sentencing courts to determine when previous convictions qualify as ACCA predicate offenses. Beginning with Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court instructed district courts to compare the elements of a defendant's conviction with the elements of the "generic" ACCA crime. Id. at 599. If the elements of the prior conviction matched or were narrower than the generic crime elements, then that conviction "categorically" qualified as an ACCA offense. Id. If, however, the elements of the prior offense were broader than the generic crime, then the prior conviction could not count as an ACCA predicate offense. Taylor also explained that the sentencing court may look beyond the elements of the offense if the prior offense is broader than the generic crime. Id. at 600–02. Under this "modified categorical approach," the sentencing court may inquire whether "the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." Id.

In 2013, Descamps held that the modified categorical approach could only be utilized when the statute of conviction included "divisible" elements. 133 S. Ct. at 2285. Descamps made clear that the modified categorical approach only applies to a statute that defines the crime alternatively with "one statutory phrase corresponding to the generic crime and another not." Id. at 2286. Mathis further clarified the applicability of the modified categorical approach, holding that such an approach does not apply when the statute lists "diverse means of satisfying a single element of a single crime—or otherwise said, spells out various factual ways of committing some component of the offense." 136 S. Ct. at 2249.

Descamps and Mathis, while vital to the reasoning in McFee, cannot aid Moreno because this is his second or successive § 2255 motion. As a second or successive § 2255 motion, relief is limited to "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The Eighth Circuit has held that Descamps does not meet this standard. See Headbird v. United States, 813 F.3d 1092, 1097 (8th Cir. 2016) ("Descamps was dictated by the general principles set forth in existing precedent and did not establish a new rule."). Other circuits agree. See, e.g., In re Hires, 825 F.3d 1297, 1302–04 (11th Cir. 2016) (Descamps is "not retroactive for purposes of a second or successive § 2255 motion."); Ezell v. United States, 778 F.3d 762, 763 (9th Cir. 2015) (same). Therefore, Descamps and Mathis do not apply here because the relief available to Moreno is limited to Johnson's invalidation of the ACCA's residual clause.

Descamps and Mathis do not apply to the residual clause analysis under Johnson. Conversely, Johnson does not address the circumstances under which the modified categorical approach can be used. Since Moreno's terroristic threats conviction qualified under the force

clause at the time he was sentenced, Johnson does not provide relief regardless of whether those convictions would qualify today.  See Hires, 825 F.3d at 1303 ("[W]hat matters [ ] is whether, at sentencing, [the Defendant's] prior convictions qualified pursuant to the residual clause, which would render his sentence subject to successive § 2255 challenge under Johnson, or pursuant to the elements clause, which would not.") (emphasis added); see also Ziglar v. United States, No. 16-463, 2016 WL 4257773, at *6 (M.D. Ala. Aug. 11, 2016) ("[I]f at the time of sentencing, Ziglar's third-degree burglary convictions qualified as violent felonies under the enumerated-crimes clause . . . , Ziglar does not fall[ ] within the scope of the substantive ruling for Johnson-residual clause purposes regardless of whether those convictions would count were [Ziglar] sentenced today." (quotations omitted)).

   **2. Third-Degree Burglary**

For similar reasons, Moreno's third-degree burglary conviction under Minn. Stat. § 609.582, subd. 3 remains an ACCA predicate offense.  At the time Moreno was sentenced, a conviction under Minnesota's third-degree burglary statute constituted a violent felony under the ACCA's enumerated clause.  See United States v. Sonczalla, 561 F.3d 842, 846 (8th Cir. 2009). Recently, in United States v. McArthur, 836 F.3d 931 (8th Cir. 2016), a case on direct appeal, the Eighth Circuit addressed Minn. Stat. § 609.582, subd. 3 in the context of the ACCA.  Citing Mathis and Descamps, the McArthur panel held that because Minn. Stat. § 609.582, subd. 3 is divisible and provides at least one alternative that does not satisfy the generic definition of burglary defined in Taylor, the district court should have employed the "modified categorical approach to ascertain which alternative formed the basis of Morris's third-degree burglary

convictions and then to decide whether the convictions were violent felonies." McArthur, 936 F.3d at 944.

Under McArthur, if Moreno were sentenced today, the Court would apply the modified categorical approach to determine whether his prior third-degree burglary convictions qualified as ACCA predicate offenses under the enumerated clause. But, based on the state of the law at the time he was sentenced, Moreno's third-degree burglary convictions counted as violent felonies under the ACCA's enumerated clause. As discussed above, Moreno cannot use Johnson as a portal to apply rules of statutory construction that were not in effect at the time he was sentenced. See Ziglar, 2016 WL 4257773, at *11.[3]

### 3. Third-Degree Assault

Moreno also challenges the determination that his 2009 conviction for third-degree assault constitutes a violent felony under the ACCA's force clause. Moreno's argument, however, is identical to his arguments above: that under Descamps, his conviction does not fall within the ACCA's force clause. Again, since at the time of Moreno's sentencing, a conviction under Minn. Stat. § 609.223, subd. 1, the statute for third-degree assault, was adjudged a violent felony under the force clause of the ACCA, Johnson does not provide relief. See Roberts v. Holder, 745 F.3d 928, 931 (8th Cir. 2014).

---

[3] In the McArthur case, both the Government and the defendant have filed petitions for rehearing. Moreno requests that this Motion be held in abeyance until the Eighth Circuit decides the rehearing petitions, arguing that an en banc decision may result in burglary falling under the ACCA's residual clause. Since the panel opinion's reasoning rests exclusively on a method of statutory construction unrelated to the residual clause, such an outcome is unlikely. Moreno's request is denied.

## C. Evidentiary Hearing

Finally, Moreno requests an evidentiary hearing. "Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir. 2013). Because there are not disputed facts that warrant an evidentiary hearing, an evidentiary hearing is unnecessary.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this 2255 Motion differently, or that any of the issues raised in Moreno's petition would be debatable among reasonable jurists. Thus, the Court declines to grant a certificate of appealability.

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Aaron Dante Moreno's 28 U.S.C. § 2255 Motion pro se Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 84] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


            s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 1, 2017.